|; CALOGERO, Chief Justice,
would grant and remand and assigns reasons.
The issue presented by this writ application is whether the district court erred in denying the defendant’s motion to suppress a stipulation of facts and law to which the defendant agreed in a disciplinary proceeding that preceded the instant prosecution. The resolution of this issue depends upon analysis of two subissues: (1) whether the stipulation constituted a “confession”; and (2) if so, whether that confession was subject to suppression under Garrity v. State, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967).
The defendant in this case is facing prosecution for public salary extortion and perjury. In the course of an earlier disciplinary proceeding, the defendant agreed to a stipulation, which was eventually adopted by this court in its opinion removing the defendant from the bench for misconduct. In re King, 2003-1412 (La.10/21/03), 857 So.2d 432. This court’s King opinion described the stipulation at issue as follows:
In the stipulated facts, Judge King admitted to making the statements attributed to him in the transcripts of the staff meetings provided by Ms. Wallace, admitted making the statements attributed to him in the transcript of his sworn statement, and admitted that those statements which he made in his sworn statement which are quoted in the Stipulation were false. Judge King also admitted in the stipulated facts that he made statements in his response to Ms. Wallace’s complaint and during his April 2, 2002, sworn statement which he knew or should have known were false or misleading and which were pertinent and material to the issues under investigation by the Commission. Based on these stipulated facts, | ⅞Judge King and the OSC agreed in the Stipulation that he violated the Code of Judicial Conduct as charged in the formal charges, engaged in willful misconduct relating to his official duty, and engaged in persistent and public conduct prejudicial to the administration of justice that brought the judicial office into disrepute....
Id. at 441 (emphasis added). The defendant claims that this stipulation constituted a “confession” under La.Rev.Stat. 15:449,[1] and that it should have been sup *396 pressed, under La.Rev.Stat. 15:451,[2] because it was the result of duress and intimidation. Alternatively, the defendant argues that, under La.C.Cr.P. art. 703(E)(1),[3] the district court should have at least held an evidentiary hearing on the motion before ruling.
The district court denied the motion, without holding an evidentiary hearing, finding that the stipulation constituted an “admission,” and not a “confession.” The district court reasoned that the protections afforded to a “confession” did not apply “[wjhere a person only admits certain facts from which the jury may or may not infer guilt.” State v. Picton, 25 So. 375, 377 (La.1899). I disagree with the district court’s conclusion, and believe that the defendant has made a showing sufficient to justify an evidentiary hearing on the issue of whether the stipulation constituted a “confession” under La.Rev.Stat. 15:449. The stipulation did not merely acknowledge facts which might establish guilt. Rather, the defendant’s stipulation also contained legal conclusions and acknowledged intent to mislead or conceal material information. The defendant conceded that (1) he gave sworn statements that |3“he knew or should have known were false or misleading and which were pertinent and material to the issues under investigation by the Commission,” (2) his conduct violated the judicial canons, and (3) his conduct prejudiced the administration of justice. Although the stipulation did not expressly refer to the defendant’s conduct as “perjury,” the stipulation essentially admits that the defendant intentionally gave false testimony under oath and impeded an official investigation. Thus, I believe that the district court erred in reaching the conclusion that the stipulation was not a “confession” under La.Rev.Stat. 15:449 without even holding an evidentiary hearing.
Under Garrity, the Fourteenth Amendment’s protection against coerced statements requires suppression of a confession where the defendant is presented with a choice either to forfeit his job or to incriminate himself. 385 U.S. at 497, 87 S.Ct. 616. In Garrity, two police officers were questioned in connection with a criminal investigation of alleged fixing of traffic tickets. Id. at 494, 87 S.Ct. 616. The defendants were warned that, pursuant to a New Jersey statute, they would be subject to removal from office if they refused to answer questions in connection with the investigation. Id. The defendants participated in the investigation, and their statements were used in subsequent prosecutions for conspiracy to obstruct the administration of traffic laws. Id. at 495, 87 S.Ct. 616. The Court held that the trial court erred by not suppressing the statements, reasoning that “[t]he option to lose their, means of livelihood or to pay the penalty of self-incrimination is the antithesis of free choice to speak out or to remain silent.” Id. at 497, 87 S.Ct. 616. The coercion inherent in presenting a defendant with this choice was so severe as to .strip the defendant of the ability to make a free and rational decision, rendering the statement involuntary. Id. at 497-98, 87 S.Ct. 616.
In this case, the defendant argues that the Judiciary Commission’s Rule VII D ^presented him with a Hobson’s choice *397 comparable to that with which the officers in Garrity were faced. This rule generally provides that a judge’s refusal to cooperate in an investigation may be considered in determining-the appropriate sanction:
[t]he failure or refusal of a judge to cooperate in an investigation, or the use of dilatory practices, frivolous or unfounded responses or .arguments, or other uncooperative behavior may be considered by the Commission in determining whether or not to recommend a sanction to the Louisana [Louisiana] Supreme Court, and may bear on the severity of the sanction actually recommended.
The district court rejected this argument, without an evidentiary hearing, finding that the defendant “actively participated in, authorized and approved the stipulation” in the course of the disciplinary investigation, and that “there was no need to acquiesce to any confession of any criminal activity.” The investigation only required the defendant to “admit the facts, tell his side of the story, and dispute the facts” reported by the individual who had filed a complaint against him.
Although Rule VII D does not expressly mention removal from office as a possible penalty of refusal to participate in an investigation, and thus Garrity might be somewhat distinguishable, the defendant was well aware that the Judiciary Commission was authorized to recommend this penalty. It does not strain logic to infer that the defendant felt compelled to agree to an incriminating stipulation precisely to avoid or try to avoid removal from the bench. And, this is the type of choice that Garrity held results in an involuntary confession.
It is for these reasons that I would have granted this writ application and remanded the case to the district court to hold an evidentiary hearing under La. C. Cr. P. art. 703(E)(1) on the motion to suppress. At such hearing,-the district court could have inquired further into the facts and circumstances surrounding the defendant’s agreement to the stipulation at issue, to determine whether the stipulation was a “confession” under La.Rev.Stat. 15:449, and, if so, whether the stipulation was | ¡¡involuntary, and therefore subject to suppression, because of the threat of removal from office.
| ¡JOHNSON, J,
would grant the writ application for the following reasons.
In Garrity v. State of New Jersey, several police officers were purportedly involved in a ticket fixing scheme. Garrity v. State of New Jersey, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967). During the course of the Attorney General’s investigation, each officer was questioned and warned
(1) that anything he said might be used against him in any state criminal proceeding; (2) that he had the privilege to refuse to answer if the disclosure would tend to incriminate him; but (3) that if he refused to ahswer he would be subject to removal from office.
Garrity, 385 U.S. 493, 494, 87 S.Ct. 616, 17 L.Ed.2d 562.
The officers cooperated with the investigation, and thereafter, some of the answers given were used in the subsequent conspiracy prosecutions. Id. at 495, 87 S.Ct. 616. The U.S. Supreme Court found that the threat of job forfeiture, a “subtle pressure,” amounted to coercion which vitiated the voluntariness of the confession. Id. at 496, 87 S.Ct. 616. The State argued that the defendants’ actions, in choosing to cooperate and not forfeit their positions, amounted to a'waiver. Id. at 498, 87 S.Ct. 616. The Court found that,
*398 where the choice is ‘between the rock and the whirlpool,’ duress is inherent in deciding to ‘waive’ one or the other. ‘It is always for the interest of a party under duress to choose the lesser of two evils. But the fact that a choice was made according to interest does not exclude duress.’
Thus, since the officers succumbed to compulsion, their statements were not | ¡^voluntary and could not be used against them in subsequent criminal proceedings. Id. at. 500, 87 S.Ct. 616.
Here, defendant C. Hunter King entered into a “Statement of Stipulated Uncontested Material Facts and Stipulated Conclusions of Law” with the Judiciary Commission on December 16, 2002. The document consists of excerpts of King’s denials, by letter dated November 20, 2001 and sworn statement taken on April 2, 2002, contrasted with statements 'attributed to him in audio tapes recorded by Barbara Wallace. King submits that the Stipulation is a confession; and that the document must be suppressed because it was not voluntarily made. The most incriminating of the stipulations provides:
D. MATERIAL FACTS RELATIVE TO CHARGE 0189
24. Judge King authorized statements in the letter of response to the Commission dated November 20, 2001, and made statements during his sworn statement of April 2, 2002, which he knew or should have known were false or misleading and which were pertinent and material to the issues under investigation in File No. 01-2672 then pending before the commission.
Even though Petitioner did not explicitly state “I committed perjury and public salary extortion,” this document, in my mind, is a confession. King admitted to making sworn statements which he knew or should have known were false. Thus, the trial court erred in holding that the statements were merely an acknowledgment of facts tending to establish guilt. Since the Stipulation contained a confession regarding his making false statements under oath, the trial court had a duty to conduct an evi-dentiary hearing to determine whether the confession was voluntarily made without the influence of fear, duress, intimidation, menaces, threats, inducements or promises.
Petitioner asserts that the voluntariness of the Stipulation was vitiated by the threat inherent in Rule VII(D) of the Rules of the Louisiana Judiciary | aCommission, which provides:
Rule VII. SUBPOENAS, PRODUCTION OF EVIDENCE; OATHS, FILINGS MADE WITH THE COMMISSION; BENCHBOOKS AND PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW; AND A JUDGE’S DUTY TO COOPERATE
D. The failure or refusal of a judge to cooperate in an investigation, or the use of dilatory practices, frivolous or unfounded responses or arguments, or other uncooperative behavior may be considered by the Commission in determining whether or not to recommend a sanction to the Louisiana Supreme Court and may bear on the severity of the sanction actually recommended.
King argues that the Office of Special Counsel and the Commission made clear to him that if he-did not sign the Stipulation, the Commission would' charge him with a violation of Rule VII(D) (failure to cooperate) and that he would be subject to additional penalties. The threat of additional sanctions or increased penalties, in my view, is duress contemplated by the Garrity decision. -
*399 For these reasons, I believe that an evidentiary hearing regarding Petitioner’s motion to suppress is appropriate to ascertain the facts and circumstances surrounding the Stipulation, and whether the document should be suppressed.

. La.Rev.Stat. 15:449 distinguishes between ''admissions” and "confessions,” providing that "[t]he term 'admission' is applied to those matters of fact which do not involve criminal intent; the term 'confession' is applied only to an admission of guilt, not to an acknowledgment of facts merely tending to establish guilt.”

. La.Rev.Stat. 15:451 states, "Before what purposes to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.”

. La. C. Cr. P. art. 703(E)(1) states, "An evidentiary hearing on a motion to suppress shall be held only when the defendant alleges facts that would require the granting of relief. ...”